The opinion was delivered at the March term, 1850.
Fletcher, J.
The first ground taken by the defendant is, that there is no legal cause of action set out in the declaration. This question, it would seem, might have been more properly raised by a demurrer, or in arrest of judgment, but it was made at the trial and was ruled upon, and is presented by the report. To settle this question, it is necessary to understand correctly what is really the grievance complained of in the declaration. There is clearly no libel set out of and concerning the plaintiff personally, or of and concerning him in his trade, *109 business, or profession, or touching his character in any way whatever. The words, therefore, are manifestly not of themselves actionable. The libel is alleged to be of and concerning the plaintiff’s books, and of and concerning the plaintiff’s books and nothing else. The action, therefore, whatever it may be called, is in fact a special action on the case for disparaging the plaintiff’s books. Now the gist of such an action, and the only ground on which it can be maintained, is special damage, which must be distinctly and.precisely set out in the declaration, and established by the proof.
In the case of Tobias v. Holland, 4 Wend. 537, which was an action for words spoken of the quality of articles made by the plaintiff it was maintained in defence that the words were not actionable in themselves, and that the plaintiff could not recover, as for special damage, the same not being alleged with sufficient certainty. The judge, in delivering the opinion of the court, says: “ Special damages are not so alleged in the declaration, that proof of them could be received on the trial. The general allegation of the loss of customers is not sufficient to show a particular injury. It appears to me, that when words are spoken not of the trader or manufacturer, but of the quality of the articles he 'makes or deals in, to render them actionable, per se, they must import that the plaintiff is guilty of cheating or malpractice in making or vending them.” In the above case, the words not being actionable in themselves and no special damage being alleged, judgment was rendered for the defendant on general demurrer to the declaration. So in the case of Todd v. Hastings, 2 Saund. 307 a, in a note. After speaking of words not actionable in themselves, it is said: “ But if he avers that he has sustained special damage by reason of the words, as if the plaintiff, in the principal case, had shown that he had lost some particular customers byname, the declaration would have been good on account of such special dl. mage.” So in the case of Ingram v. Lawson, 6 Bing. N. C. 212, Bosanquet, J., says: “The substantial question for the court is, whether the publication was a libel on the plaintiff in his business as a master mariner and ship-owner, or merely amounted to a disparagement of the qualities of his ship, if *110 it were merely the latter, then, as there is no allegation of special damage, nothing could be recovered, judgment must be arrested, and it would be immaterial to consider the other points.” The other judges fully agreed in this doctrine, as tó disparagement of property merely, but it was held, that the publication was a personal libel on the plaintiff. This case fully establishes the doctrine, that an action cannot be maintained for a publication merely disparaging the plaintiff’s goods or property, unless there is an allegation of special damage.
In the case under consideration, the publication is alleged to be of and concerning the plaintiff’s books. It is not alleged to be nor is it of or concerning the plaintiff personally, in his business or profession as an author or publisher of books, nor of him personally in any way, nor is it alleged to contain nor does it contain any im utation upon the plaintiff’s character in any respect. No action, therefore, can be maintained upon it but on the ground of its being a disparagement of the plaintiff’s books, and to maintain the action on that ground there must be an allegation of special damage; and there being no such allegation, there is no sufficient cause of action set out in the declaration.
There is one other ground of the defence, upon which it may be desirable that the opinion of the court should be expressed. The defendant contended, that the question of malice was one to be submitted to the jury, and that the plaintiff must prove malice in fact. But the court ruled that the question of malice was not one to be determined by the jury. The general principles of the law, as bearing upon this subject, are stated by Parke, B., in the case of Toogood v. Spyring, 4 Tyrwh. 582, 595, as follows : “ In general, an action lies for the malicious publication of statements which are false in fact and injurious to the character of another (within the well known limits as to verbal slander,) and the law considers such publication as malicious unless it is fairly made by a person in the discharge of some public or private duty, whether legal or moral, or in the conduct of his own affairs in matters where his interest is concerned. In such cases, the oc *111 casion prevents the inference of malice, which the law draws from unauthorized communications, and affords a qualified defence, depending on the absence of actual malice. If fairly-warranted by any' reasonable occasion, or exigency, and honestly made, such communications are protected for the common concern and welfare of society, and the law has not restricted the right to make them within any narrower limits.”
Applying these principles to the facts of the present case, and it will stand thus: If the plaintiff can show that the publication was false in any material respect, and can also show special damage, done to himself, by means of it, that will make a prima, facie case for the plaintiff, and as standing thus malice would be presumed. But if the defendant can show that the publication was honestly made by him believing it to be true, and that there was a reasonable occasion or exigency in the conduct of his own affairs, in matters where his interest was concerned, which fairly warranted the publication, such proof would rebut the presumption of malice, and bring the publication within the class of privileged publications, and form a good defence to the action, unless the plaintiff can show express malice, or malice in fact, which will of course be a question for the jury.
There are some other questions stated in the report, but which it is not necessary to consider.
The exceptions taken by the defendant, as to the sufficiency of the declaration, and as to the question of malice, being sustained by the court, the verdict must be set aside and a nonsuit entered.